This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                                  **NO. 31,449**

**JERALD LINDSEY,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF EDDY COUNTY**
**Richard J. Brown, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Jacqueline L. Cooper, Acting Chief Public Defender
Karl Erich Martell, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**FRY, Judge.**

Defendant's docketing statement challenged the sufficiency of the evidence supporting his convictions. [DS 5] We proposed to affirm the judgment summarily, stating that the evidence, viewed in the light most favorable to the judgment,

supported the convictions. [CN 5] Defendant filed a memorandum in opposition, which we have duly considered. Defendant's memorandum, though, does not persuade us that Defendant was improperly convicted, and we affirm Defendant's convictions.

In our calendar notice, we recited the facts that the jury had available on which to base its verdict, and proposed to conclude that, viewed in the light most favorable to the verdict, sufficient evidence supported Defendant's convictions. [CN 4-5] Although Defendant stated that his appeal concerned "all charges," we observed that the docketing statement contained only evidence pertaining to the DWI and drug paraphernalia counts, and declined to consider his other convictions in our calendar notice. [CN 2] We noted that the docketing statement contained "minimal facts," [CN 2] and invited Defendant to clarify with additional facts in the event that our understanding of pertinent events was incomplete. [Id.]

Defendant acknowledges our invitation to provide additional facts, and his memorandum in opposition does recite facts in addition to those in the docketing statement. [MIO 2-4] But the newly provided facts do not convince us that Defendant was wrongly convicted. The new facts include the testimony of the officer who responded to the collision, who stated that Defendant admitted having no

insurance or registration, and that the officer verified those admissions by "[r]unning the plates." [MIO 4]

Defendant's memorandum in opposition also expands on his factual showing regarding his convictions for DWI and possession of paraphernalia. [MIO 2-4] He identifies testimony that Defendant first admitted he was the driver, [MIO 3] then said he had worked on the car and it "got[] away from him and . . . crashed," [Id.] then changed his story to say that another man was driving. [Id.] The memorandum in opposition further recites that Defendant identified the other man first as David Hale, then David Vasquez, and finally Daniel Vasquez. [Id.] The memorandum also states that when Defendant told the responding officer that the purported other driver had run away through a field, "the officer – a hunter – looked and found no tracks." [Id.] Defendant identifies testimony that, rather than finding the marijuana pipe at the scene, Defendant "produced" the pipe, and "asked [the responding officer] not to be charged for it, since he produced it willingly." [MIO 4]

Viewing these newly provided facts in the light most favorable to the verdict, we see nothing in the memorandum in opposition to persuade us that affirmance of Defendant's convictions for DWI and possession of drug paraphernalia would be inappropriate. Accordingly, we affirm these convictions.

**CONCLUSION**

3

For the reasons set forth above, and in our notice of proposed summary disposition, we affirm Defendant's convictions.

**IT IS SO ORDERED.**

_____

**CYNTHIA A. FRY, Judge**

**WE CONCUR:**

_____

**JAMES J. WECHSLER, Judge**

_____

**J. MILES HANISEE, Judge**